IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-192-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM SANDMAN | ) | |

This matter is before the Court on affidavits filed by defendant Sandman regarding the status of garnishment as well as a letter to the Court requesting that his restitution payments and garnishment be suspended or postponed for a period to allow him to make payments to the Internal Revenue Service. The government has responded to Sandman's filings, and the matters are ripe for review.

## BACKGROUND

After pleading guilty to a charge of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, Sandman was sentenced on February 4, 2014, to a period of four years of probation and ordered to make restitution in the amount of $387,145.00. [DE 22]. Payment of the restitution was made due and payable in full immediately. *Id.* In the event that Sandman was unable to pay the full amount of restitution immediately, the Court ordered that restitution shall be paid in installments of $1,000.00 per month. *Id.*

In December 2016, the government applied for a writ of garnishment upon the judgment due to defendant's failure to make payments as ordered; the balance on the debt at that time was $367,272.30. [DE 32]. The Court entered two orders of garnishment on Sandman's earnings, naming as garnishees Gary Wittock, CPA, PA and Parrish & Parrish CPAs, P.A. [DE 40; 41].

Sandman requested a hearing in order to object to the writs of garnishment, specifically to the amount that Wittock owed Sandman in commissions. The government proceeded to investigate the matter to verify the amounts owed to Sandman by Wittock and to obtain Wittock's compliance with the order of garnishment. [DE 45]. The government later reported to the Court that there appears to be a contract dispute between Wittock and Sandman regarding the amount owed to Sandman, and that no further action from the Court would be necessary at that time. [DE 48].

In his affidavits and response regarding status of garnishment proceedings, Sandman contends that he is owed additional commission funds from Wittock. [DE 50, 51, 52]. In his letter to the Court, Sandman requests that the garnishments be removed to allow Sandman to accumulate $5,000.00, which is owed to the Internal Revenue Service as tax on $18,839.00 Sandman collected in commission which he the paid against the restitution balance. Sandman states that after the tax has been paid he will resume restitution payments at the rate of $1,100.00 per month instead of $1,000.00 per month. [DE 53].

## DISCUSSION

At the outset, the Court agrees with the government's position that any dispute between Sandman and Wittock regarding the amount of commission owed to Sandman for services rendered is not a matter for this Court in this posture. Should the government determine that Wittock is not in compliance with the order of garnishment, it may seek relief under 28 U.S.C. § 3205(c)(6).

A sentence which imposes an order of restitution is a final judgment subject to modification or amendment under limited circumstances. 18 U.S.C. § 3664(o). Although a restitution order may be adjusted under 18 U.S.C. § 3664(k) due to a material changes in the economic circumstances of the defendant, in order to find a material change in economic circumstances, the

Court must be able to conduct "'an objective comparison of a defendant's financial condition before and after a sentence is imposed.'" *United States v. Bratton-Bey*, 564 F. App'x 28, 30 (4th Cir. 2014) (quoting *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000)). Here, the Court has been provided with insufficient information on which to conduct an objective comparison of Sandman's economic circumstances. He has therefore failed to demonstrate that adjustment of the restitution judgment is appropriate, and his request to postpone restitution payments is denied.

Sandman has further failed to demonstrate that the orders of garnishment in this case should be lifted or amended. A writ of garnishment is an appropriate mechanism through which the government can collect restitution debts, *see* 18 U.S.C. § 3613(f), and as previously noted, Sandman's restitution judgment was ordered due in full immediately.

## CONCLUSION

For the foregoing reasons, defendant's requests to postpone his restitution payments and to modify the orders of garnishment are at this time DENIED.

SO ORDERED, this **13** day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE